1   Dan Stormer, Esq. [S.B. #101967]
2   Joshua Piovia-Scott , Esq. [S.B. #222364]
    HADSELL STORMER
3        RICHARDSON & RENICK, LLP
    128 North Fair Oaks Avenue
4   Pasadena, California 91103-3645
    Telephone:  (626) 585-9600
5   Facsimile:  (626) 577-7079
    Email: jps@hadsellstormer.com
6
    Attorneys for Plaintiff
7   DANIEL JOHNSON

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                      CV14-00368- SVW(JCx)

11  DANIEL JOHNSON,                    )   Case No:
                                       )
12              Plaintiff,             )   COMPLAINT FOR DAMAGES
                                       )
13       vs.                           )   1.   VIOLATIONS OF CIVIL RIGHTS
                                       )        – 42 U.S.C. § 1983 – Excessive Force
14  COUNTY OF LOS ANGELES; LOS         )
    ANGELES COUNTY SHERIFF'S           )   2.   VIOLATIONS OF CIVIL RIGHTS
15  DEPARTMENT; DEPUTY                 )        – 42 U.S.C. § 1983 – False Arrest
    ABDULFATTAH; DEPUTY RUSSELL;       )
16  and DOES 1 through 10; inclusive,  )   3.   VIOLATIONS OF CIVIL RIGHTS
                                       )        – 42 U.S.C. § 1983 – Question Police
17              Defendants.            )   Action
                                       )
18                                     )   4.   Cal. Civ. Code § 52.1
                                       )
19                                     )   5.   Battery
                                       )
20                                     )   6.   Intentional Infliction of Emotional
                                       )   Distress
21                                     )
                                       )
22                                     )   DEMAND FOR JURY TRIAL
                                       )
23  ─────────────────────────────────
24
25
26
27
28

COMPLAINT FOR DAMAGES                  1

## JURISDICTION AND VENUE

1.    This is a police misconduct action filed pursuant to 42 U.S.C. § 1983. The Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights). Venue lies in the Central District of California, the judicial district in which the claim arose, pursuant to 28 U.S.C. § 1391(b). Plaintiff's state law claims for relief are within the supplemental jurisdiction of the Court, as authorized by 28 U.S.C. § 1367.

## PARTIES

2.    Plaintiff Daniel Johnson is a competent adult, residing in the County of Los Angeles.

3.    Defendant County of Los Angeles was and is a legal political entity established under the laws of the State of California, with all the powers specified and necessarily implied by the Constitution and the laws of the State of California and exercised by a duly elected Board of Supervisors and/or their agents and officers.

4.    Defendant Los Angeles County Sheriff's Department is a public agency subject to suit herein.

5.    Defendant Deputy Abdulfattah is an employee of the Los Angeles County Sheriff's Department.

6.    Defendant Deputy Russell is an employee of the Los Angeles County Sheriff's Department.

7.    The true names of Defendant Does 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues each of these Defendants by such fictitious names. Upon ascertaining the true identity of Doe Defendants, Plaintiff will amend this complaint, or seek leave to do so, by inserting the true name in lieu of the fictitious name. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that each Doe Defendant is in some manner responsible for the injuries and damages herein alleged.

8.    Plaintiff is informed and believes and thereupon alleges that, at all times

1    material herein, each of the Defendants was the agent or employee of, and/or working in

2    concert with, his/her co-Defendants and was acting within the course and scope of such

3    agency, employment and/or concerted activity.  To the extent certain acts and omissions

4    were perpetrated by certain Defendants, the remaining Defendant or Defendants

5    confirmed, acquiesced in and ratified said acts and omissions.

6         9.    Plaintiff is informed and believes and thereupon alleges, that at all times

7    material herein, each Defendant was dominated and controlled by his/her/its co-

8    Defendant and each was the alter-ego of the other.

9         10.   Whenever and wherever reference is made in this complaint to any act or

10   failure to act by a Defendant or Defendants, such allegations and references shall also be

11   deemed to mean the acts and failures to act of each Defendant acting individually, jointly

12   and severally.

13                         **FACTUAL ALLEGATIONS**

14   **A.    General Allegations re Policy and Practice**

15        11.   Plaintiff is informed and believes, and on the basis of such information and

16   belief alleges, that Defendants County of Los Angeles and the Los Angeles County

17   Sheriff's Department, with deliberate indifference, gross negligence, and reckless

18   disregard for the safety, security, and constitutional and statutory rights of Plaintiff and

19   all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in,

20   and applied policies, practices, or customs of, among other things:

21             a.    Subjecting persons to violations of their rights to be free from

22   excessive force, false arrest and to question police action;

23             b.    Selecting, retaining, and assigning officers with demonstrable

24   propensities for excessive force, violence, dishonesty, and other misconduct;

25             c.    Failing to adequately train, supervise, and control officers in the

26   practice of law enforcement;

27             d.    Failing to adequately discipline officers involved in misconduct; and

28             e.    Condoning and encouraging officers in the belief that they can violate

COMPLAINT FOR DAMAGES                    3

1   the rights of persons such as Plaintiff with impunity, and that such conduct will not

2   adversely affect their opportunities for promotion and other employment benefits.

3        12.   Plaintiff is informed and believes and thereupon alleges that the official

4   policymakers for the County of Los Angeles and the Los Angeles County Sheriff's

5   Department knew or reasonably should have known that their deputies have used

6   excessive force on, and violated the due process rights of various individuals, and that

7   they have been deliberately indifferent in the training and supervision of their police

8   officers. Despite this knowledge, Defendants failed to take any steps to remedy these

9   violations of constitutional and statutory authority, as well as of the Los Angeles County

10  Sheriff's Department's own written policies, through adequate hiring, training,

11  supervision and/or monitoring. In so doing, Defendants exhibited deliberate indifference

12  to Plaintiff's constitutional rights.

13       13.   Plaintiff is informed and believes, and on the basis of such information and

14  belief alleges, that Defendants County of Los Angeles and the Los Angeles County

15  Sheriff's Department ordered, authorized, acquiesced in, tolerated, or permitted other

16  Defendants herein to engage in the unlawful and unconstitutional actions, policies,

17  practices, and customs set forth herein. Defendants' conduct as alleged herein constitutes

18  a pattern of constitutional violations based either on a deliberate plan by Defendants or

19  on Defendants' deliberate indifference, gross negligence, or reckless disregard for

20  Plaintiff's safety, security, and constitutional and statutory rights.

21  **B.**    **The Incident**

22       14.   Plaintiff Daniel Johnson is a 26 year old African American man. He

23  graduated with a degree in African American studies from the University of California at

24  Berkeley in 2011. He stands 5'7" tall, weighs 155 pounds and has no criminal record.

25       15.   Mr. Johnson was cooking dinner with his mother in the Altadena residence

26  he shares with his parents on the night of December 6, 2012. At approximately 9 p.m.

27  there was a knock on the door. A local man informed Mr. Johnson that his father was

28  being given a ticket by the Sheriff's Department in front of the house. Plaintiff's father

1   is a disabled 58 year old man who walks with a cane.  Mr. Johnson went outside to see

2   what was happening.  When Plaintiff got to the street in front of the house, he saw

3   Deputy Abdulfattah writing in his citation book and talking to his father, who was

4   standing with his hands placed on the hood of a police car.  A second officer, Deputy

5   Russell, was sitting inside the police car.

6        16.    Mr. Johnson asked Deputy Abdulfattah what was going on.  Abdulfattah

7   told him that he was giving Plaintiff's father a $1,000 ticket and 8 hours of community

8   service for littering because he had put his cigarette out on the ground.  Mr. Johnson

9   asked why his father was being given such an expensive ticket for just putting his

10  cigarette out on the ground.  He offered to pick up the cigarette butt and informed

11  Deputy Abdulfattah that he and his father live in the house they were standing in front

12  of.  Mr. Johnson's father explained to the officers that he dropped the cigarette because

13  he has nerve damage in his hands.  Mr. Johnson confirmed to the officers that his father

14  has nerve damage and regularly drops things he is holding in his hands unintentionally.

15  Mr. Johnson did not threaten the officers, use profanity or raise his voice to them.

16  Deputy Abdulfattah responded by belligerently threatening Mr. Johnson, telling him that

17  "I can write you a ticket too if you want."

18        17.    At this point, Plaintiff's mother, who had also come outside to see what was

19  going on, told him to go back into the house.  He was not being given a ticket, and

20  neither of the officers said anything further to him, so Mr. Johnson turned away and

21  began to walk back toward the house.  As he walked away from the officers, Deputy

22  Russell grabbed Plaintiff from behind and tried to slam him against the police car.  When

23  Mr. Johnson asked why he was assaulting him, Deputy Russell maintained his hold on

24  Plaintiff and then tried to slam him against a nearby concrete post.  Mr. Johnson's

25  mother and father repeatedly asked the officers to "leave him alone" because "he hasn't

26  done anything wrong."  The officers refused.

27        18.    Despite the fact that Mr. Johnson did not try to resist Deputy Russell in any

28  way, he put Plaintiff in a "Full Nelson" hold wherein he was standing behind Mr.

COMPLAINT FOR DAMAGES                         5

1   Johnson with his arms extended up under Plaintiff's arm pits and his hands interlocked

2   behind Plaintiff's neck. Mr. Johnson was unable to move and was completely under the

3   control of Mr. Russell at this time. As Mr. Johnson was being attacked by Deputy

4   Russell, he saw Deputy Abdulfattah hit his father in the face with his fist. Deputy

5   Russell, who was still holding Plaintiff in a "Full Nelson", swept Mr. Johnson's legs out

6   from under him and tackled him to the ground, slamming Plaintiff's left shoulder into the

7   sidewalk.

8       19.    After Mr. Johnson was tackled by Deputy Russell, Deputy Abdulfattah

9   repeatedly tased him in the groin area as he lay on the ground. He was not moving or

10   resisting in any way when Deputy Abdulfattah began to tase him. Mr. Johnson could

11   smell his flesh burning from the tases and he was screaming in pain. Abdulfattah

12   continued to intentionally shoot his taser at Plaintiff's genitals every couple seconds.

13   Mr. Johnson begged Abdulfattah to stop tasing him. His mother and father repeatedly

14   asked Abdulfattah to stop tasing him. Deputy Abdulfattah did not stop.

15      20.    After Deputy Abdulfattah tased Mr. Johnson approximately 4 times, there

16   was a 10-15 second break during which the tasing stopped. Mr. Johnson remained on

17   the ground and was still not doing anything to resist the officers. He and his parents

18   continued to plead with the officers to stop tasing him. Deputy Abdulfattah looked

19   directly at Mr. Johnson's mother, who was begging him to stop tasing her son, and then

20   tased Plaintiff again. Mr. Johnson was tased approximately 4-6 times in the genital area

21   despite the fact that he was on the ground and was not resisting the entire time. At no

22   point during this unprovoked attack, or at any time during this entire incident, did Mr.

23   Johnson ignore any commands from the officers or resist them in any way.

24      21.    Within moments, the street was full of police officers. Despite the fact that

25   Mr. Johnson had not resisted the officers or engaged in any physical contact with them,

26   he was arrested for battery on a police officer. When Plaintiff stood up to be handcuffed

27   and taken into custody, he still had the pins from the taser in his clothes. When he tried

28   to inform Deputy Abdulfattah that his father is very asthmatic and needed his inhaler,

**COMPLAINT FOR DAMAGES**                          6

1   Abdulfattah told him to "shut up." He was transported to Huntington hospital, where he
2   was seen for his injuries. Plaintiff was then incarcerated in a holding cell at the Sheriff's
3   Department station in La Crescenta.

4       22.    Plaintiff is informed and believes and thereupon alleges that Defendant
5   Deputy Abdulfattah has been the subject of numerous complaints regarding his use of
6   excessive force and dishonesty. Plaintiff is further informed and believes and thereupon
7   alleges that despite these repeated complaints, Defendant Deputy Abdulfattah has been
8   allowed to continue to violate people's constitutional rights.

9       23.    On December 2, 2013, Deputy Abdulfattah and another Deputy from the
10  Los Angeles County Sheriff's Department again approached Mr. Johnson in an
11  aggressive and intimidating manner in front of his home. That night, a Sheriff's
12  Department patrol car pulled in front of Mr. Johnson as he and his younger brother got
13  out of their car and to go inside their home. Defendants pointed their spotlight at Mr.
14  Johnson and one of the Deputies exited the car and placed his hand on his firearm.
15  Defendants then interrogated Mr. Johnson, asking repeated questions regarding what he
16  and his brother were doing there. This hostile conduct continued despite the fact that
17  Mr. Johnson and his brother complied with all of the orders given by the officers and
18  offered to show them their identifications, which confirmed that they lived in the home
19  they were standing in front of. The Deputies refused to look at the offered
20  identifications and continued to interrogate Mr. Johnson before eventually departing.
21  Mr. Johnson was scared for his life.

22      24.    Plaintiff exhausted his administrative remedies before filing suit by filing
23  the appropriate claim pursuant to California Government Code § 910.

24                                                **DAMAGES**

25      25.    By reason of the aforementioned acts of Defendants, Plaintiff was injured in
26  his health, strength and activity and has sustained and in the future will continue to
27  sustain great mental pain, as well as anxiety, anguish, humiliation, and emotional
28  distress, all to his damage in an amount according to proof.

26.   By reason of the aforementioned acts of Defendants, Plaintiff was or will be required to receive medical care and treatment, particularly to the ongoing injury he suffered in his left shoulder when Defendants tackled him to the ground, and by reason thereof, will incur expenses related thereto in an amount to be proven at trial.

27.   By reason of the aforementioned acts of Defendants, Plaintiff did or will lose future income, wages and other financial benefits in an amount to be proven at trial.

28.   Defendants' acts were done and committed by each Defendant knowingly, deliberately, and maliciously, with the intent to oppress, injure, and harass Plaintiff, and with reckless indifference to the civil rights, personal security and safety of Plaintiff, and by reason thereof, Plaintiff prays for punitive and exemplary damages from and against the individual Defendants, and each of them, in an amount to be proven at trial.

## FIRST CLAIM FOR RELIEF – Excessive Force
### (Fourth Amendment, 42 U.S.C. § 1983)
### (Plaintiff v. All Defendants)

29.   Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

30.   The conduct complained of herein was undertaken pursuant to the policies, practices and customs of the Los Angeles County Sheriff's Department, an agency of the County of Los Angeles, and was sanctioned and approved by each of the individual named Defendants, including the Doe Defendants.

31.   Defendants, acting under color of state law and through their policies, practices and customs, deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States under the Fourth Amendment by subjecting him, or through their deliberate indifference allowing others to subject him, to excessive force.

32.   As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above.

33.   Plaintiff's injuries entitle him to compensatory and punitive damages

COMPLAINT FOR DAMAGES                    8

1  according to proof as to the individual Defendants and compensatory damages alone as
2  to the County Defendants.

**SECOND CLAIM FOR RELIEF – False Arrest**

**(Fourth Amendment, 42 U.S.C. § 1983)**

**(Plaintiff v. All Defendants)**

6      34.    Plaintiff realleges and incorporates by reference each and every allegation
7  contained in the foregoing paragraphs as though fully set forth herein.

8      35.    The conduct complained of herein was undertaken pursuant to the policies,
9  practices and customs of the Los Angeles County Sheriff's Department, an agency of the
10  County of Los Angeles, and was sanctioned and approved by each of the individual
11  named Defendants, including the Doe Defendants.

12      36.    Defendants, acting under color of state law and through their policies,
13  practices and customs, deprived Plaintiff of rights, privileges, and immunities secured by
14  the Constitution and laws of the United States under the Fourth Amendment by arresting
15  him without a warrant or probable cause.

16      37.    As a direct and proximate cause of the aforementioned acts of Defendants,
17  Plaintiff was injured as set forth above.

18      38.    Plaintiff's injuries entitle him to compensatory and punitive damages
19  according to proof as to the individual Defendants and compensatory damages alone as
20  to the County Defendants.

**THIRD CLAIM FOR RELIEF – Question Police Action**

**(First Amendment, 42 U.S.C. § 1983)**

**(Plaintiff v. All Defendants)**

24      39.    Plaintiff realleges and incorporates by reference each and every allegation
25  contained in the foregoing paragraphs as though fully set forth herein.

26      40.    The conduct complained of herein was undertaken pursuant to the policies,
27  practices and customs of the Los Angeles County Sheriff's Department, an agency of the
28  County of Los Angeles, and was sanctioned and approved by each of the individual

1   named Defendants, including the Doe Defendants.

2       41.   Defendants, acting under color of state law and through their policies,

3   practices and customs, deprived Plaintiff of rights, privileges, and immunities secured by

4   the Constitution and laws of the United States under the First Amendment by retaliating

5   against him for exercising his First Amendment right to question police action.

6       42.   As a direct and proximate cause of the aforementioned acts of Defendants,

7   Plaintiff was injured as set forth above.

8       43.   Plaintiff's injuries entitle him to compensatory and punitive damages

9   according to proof as to the individual Defendants and compensatory damages alone as

10   to the County Defendants.

11                **FOURTH CLAIM FOR RELIEF – Cal. Civil Code § 52.1**

12                       **(Plaintiff v. All Defendants)**

13       44.   Plaintiff realleges and incorporates by reference each and every allegation

14   contained in the foregoing paragraphs as though fully set forth herein.

15       45.   The California Constitution, including but not limited to Sections 1, 2, 7 and

16   13, and the United States Constitution, including but not limited to the First and Fourth

17   Amendments, guarantee the right of persons to be free from unnecessary and excessive

18   force by law enforcement officers, arrests without a warrant or probable cause, and

19   retaliation for questioning police action. Defendants, by engaging in the wrongful

20   conduct alleged herein, denied these rights to Plaintiff either directly or through their

21   deliberate indifference, thus giving Plaintiff a claim for damages pursuant to Cal. Civ.

22   Code § 52.1.

23       46.   As a direct and proximate cause of the aforementioned acts of Defendants,

24   Plaintiff was injured as set forth above.

25       47.   Plaintiff's injuries entitle him to compensatory and punitive damages

26   according to proof as to the individual Defendants and compensatory damages alone as

27   to the County Defendants.

28   ////

## FIFTH CLAIM FOR RELIEF – Battery

### (Plaintiff v. All Defendants)

48.    Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

49.    Defendants engaged in a battery of Plaintiff by touching him against his consent with intent to harm, where Plaintiff was in fact harmed by Defendants' conduct and a reasonable person in Plaintiff's situation would have been offended.

50.    As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above.

51.    Plaintiff's injuries entitle him to compensatory and punitive damages according to proof as to the individual Defendants and compensatory damages alone as to the County Defendants.

## SIXTH CLAIM FOR RELIEF – Intentional Infliction of Emotional Distress

### (Plaintiff v. All Defendants)

52.    Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

53.    Defendants intentionally inflicted emotional distress on Plaintiff by engaging in extreme and outrageous behavior that intended to cause him emotional distress and/or acting with reckless disregard of the possibility that Plaintiff would suffer emotional distress.  Plaintiff did in fact suffer emotional distress, and continues to suffer emotional distress, as a result of Defendants' conduct.

54.    As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above.

55.    Plaintiff's injuries entitle him to compensatory and punitive damages according to proof as to the individual Defendants and compensatory damages alone as to the County Defendants.

////

////

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

1.    Compensatory general and special damages in an amount in accordance with proof;

2.    Punitive damages against each of the individual Defendants in an amount sufficient to punish and to make an example of said Defendants, and to deter others from engaging in similar conduct;

3.    Reasonable attorney's fees, expenses, and costs; and

4.    Such other and further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

DATED: January 16, 2014         Respectfully submitted,

HADSELL STORMER
   RICHARDSON & RENICK, LLP

By _____
   Joshua Piovia-Scott
Attorneys for Plaintiff
DANIEL JOHNSON

COMPLAINT FOR DAMAGES        12

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Stephen V. Wilson_____ and the assigned Magistrate Judge is _____Jacqueline Chooljian_____ .

The case number on all documents filed with the Court should read as follows:

## 2:14-cv-00368-SVW(JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____January 16, 2014_____
Date

By  APEDRO _____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | [ ] Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

**ORIGINAL**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| DANIEL JOHNSON, | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| COUNTY OF LOS ANGELES; LOS ANGELES | ) |
| COUNTY SHERIFF'S DEPARTMENT; DEPUTY | ) |
| ABDULFATTAH; DEPUTY RUSSELL; and DOES 1 | ) |
| through 10; inclusive, | ) |
| *Defendant(s)* | ) |

Civil Action No.

**CV14-00368- SVW(JCx)**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; DEPUTY ABDULFATTAH; DEPUTY RUSSELL; and DOES 1 through 10; inclusive.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Dan Stormer, Esq. [S.B. #101967] and Joshua Piovia-Scott, Esq. [S.B. #222364]
HADSELL STORMER RICHARDSON & RENICK, LLP
128 North Fair Oaks Avenue
Pasadena, California  91103
Telephone:  (626) 585-9600
Facsimile:  (626) 577-7079

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: __1/16/2014__                             _____
                                                        *Signature of Clerk or Deputy Clerk*

1202

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

            on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

   designated by law to accept service of process on behalf of *(name of organization)* _____

            on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

                                      _____
                                              *Server's signature*

                                      _____
                                          *Printed name and title*

                                      _____
                                            *Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
DANIEL JOHNSON

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; DEPUTY ABDULFATTAH; DEPUTY RUSSELL; and and DOES 1 through 10; inclusive

**(b)** County of Residence of First Listed Plaintiff   Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
Dan Stormer, Esq. [S.B. #101967] and Joshua Piovia-Scott, Esq. [S.B. #222364]
Hadsell Stormer Richardson & Renick, LLP, 128 N. Fair Oaks Avenue
Pasadena, California 91103, Telephone: (626) 585-9600/Facsimile: (626) 577-7079

Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. §1983 Violations of Civil Rights (Excessive Force, False Arrest & Question Police Action); Cal. Civ. Code §52.1; Battery; and Intentional Infliction of Emotional Distress

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employe Ret. Inc. Security Act | |

CV14-00368

**FOR OFFICE USE ONLY:**   Case Number:

CV-71 (11/13)          CIVIL COVER SHEET          Page 1 of 3

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII.  VENUE**:  Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
|  | ☐ Orange | Southern |
|  | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
|  | A PLAINTIFF? <br><br> Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? <br><br> Then check the box below for the county in which the majority of PLAINTIFFS reside. |  |
| ☐ Yes  ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no, " go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
|  | ☐ Orange | ☐ Orange | Southern |
|  | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
|  | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D,  below.

If none applies, answer question C2 to the right. ➡

**C.2.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D,  below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a).  IDENTICAL CASES:**  Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b).  RELATED CASES:**  Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X.  SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**    _[signature]_    DATE:  January 16, 2014

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |